AO 91 (Rev. 11/11) Criminal Complaint

United States Courts
Southern District of Texas
FILED
July 17, 2025
Nathan Ochsner, Clerk of Court

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| United States of America | ) | | |
|---|---|---|---|
| v. | ) | | |
| Winnett KNOX | ) | Case No. | 4:25-mj-441 |
| | ) | | |
| *Defendant(s)* | ) | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **July 2,-16, 2025** in the county of **Harris** in the **Southern** District of **Texas**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C 111(a) | Forcibly assaults, resists, opposes, impedes, intimidates, or interferes with a protective security officer while engaged in official duties. |
| 41 C.F.R. 102.74-390 | Disturbance on government property |
| 41 C.F.R. 102-74.375(c) | Trespass |

This criminal complaint is based on these facts:
See attached affidavit

☒ Continued on the attached sheet.

*Complainant's signature*

James McMillian, Inspector, Federal Protective Service
*Printed name and title*

Sworn to before me and signed telephonically. Date: 07/17/2025

*Dena Palermo*
*Judge's signature*

City and state: Houston, Texas    Hon. Dena Hanovice Palermo, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT AND ATTACHMENT FOR CRIMINAL COMPLAINT

I, Inspector James McMillian, being duly sworn, depose and state the following:

1. I am currently employed as a Law Enforcement Officer with the U.S. Department of Homeland Security (DHS), Federal Protective Service (FPS), and as such am empowered by Title 40, United States Code, Section 1315 to make arrest and obtain and execute warrants. I have been employed by FPS in excess of two (2) years. During the course of my employment with FPS, I have conducted criminal investigations and made arrest based on probable cause while in scope of my official duties. I am responsible for the protection of buildings, grounds, and property that are owned, occupied, or secured by the Federal Government and the protection of all persons on the property within the Southern District of Texas. I enforce violations of Title 18 of United States Code and Title 41 Code of Federal Regulations governing the conduct on federal property.

2. As a result of my training, general knowledge, and experience as an Inspector, I am familiar with the laws including Title 18 United States Code, Section 111(a)(1) and 41 C.F.R. Sections 102.74-375(c) and 102.74-390 and know it is a violation for whoever to forcibly assault, resist, oppose, intimidate, or interfere with any person designated in Section 1114 of this code while that person is engaged in or on account of the performance of his/her official duties. I also know that it is a violation to create disturbances of engage in disorderly conduct on Federal property and to trespass onto Federal property closed to the public.

3. This statement is provided in support of charging the defendant Winnet Knox (KNOX) with the violation of Title 18 United States Code, Section 111(a)(1) and 41 C.F.R. Section 102.74-390. This is a summary of facts and is not a complete statement of all facts related to this case.

4. The alleged actions referenced in this statement did occur in the Southern District of Texas.

5. Although KNOX previously worked for the Executive Office for Immigration Review (EOIR) at 16800 Greenspoint Park Drive, Houston, Texas, KNOX received an employment termination SF50 notice on August 26, 2024, and was also provided a termination letter from EOIR via electronic mail and overnight delivery dated July 25, 2024.

6. KNOX was issued a Criminal Trespass warning from the property management company for 16800 Greenspoint Park Drive, Houston, Texas via the Houston Police Department on December 18, 2024.

7. KNOX has made repeated attempts to enter the federally leased property at 16800 Greenspoint Park Drive, Houston, Texas, which is an EOIR Immigration COurt. This includes attempts made on January 31, 2025, February 10, 2025, and April 22, 2025.

8. KNOX appeared before the Honorable Dena Hanovice Palermo, United States Magistrate Judge for the Southern District of Texas, on June 10, 2025 regarding the citation issued for the alleged trespass based on the attempted entry made on January 31, 2025.

9. On June 10, 2025, the Honorable Dena Hanovice Palermo, United States Magistrate Judge for the Southern District of Texas instructed KNOX:

> Ms. Knox, I am letting you know this right now. If you continue to enter the building based -- with your employer taking the position that you are not authorized to be there, whether you agree with that or not, they can press additional charges against you, and you could ultimately be charged with a felony. A felony is a significant crime and may have way worse ramifications for you with regard to your military, with regard to any attempt to get future employment. So my suggestion to you, regardless of whether you want to do it or not, is that you stop going to that building. We are not going to resolve the charges here today. We are going to continue your case until December, the next time I have CVB docket. But in the meantime, I am warning you that if you continue to enter this building, you may be arrested, you may have further charges brought against you, and it can get significantly much more serious than this charge that you have right now. You're

not going to get off on a $35 fine. You could end up going to jail. Do you understand that, Ms. Knox?

10. In response, KNOX stated, "Yes, ma'am. I do understand, and I thank you so much for at least allowing me to get my final decision from MSPB before you all make a final determination. And I will follow your orders, and I will not be back down there."

11. On July 2, 2025, at approximately 7:20 a.m., at the Second Floor of 16800 Greenspoint Park Drive, Houston, Texas, before that location at issue was open to the public, KNOX arrived at that location.

12. Upon her arrival at the northern screening station at that location, which is EOIR Immigration Court, KNOX placed a bag on the ground and began removing items without commencing the screening process that inspects for weapons and explosives. KNOX removed a can of soup and a cup from the bag.

13. Protective Security Officers (PSOs) Claudia Alonzo and Gerald Litchfield, Ellis Rideaux, and Lee Nakasone informed your affiant that they observed KNOX's behavior as erratic. PSOs Alonzo, Litchfield, Rideaux, and Nakasone further informed your affiant that KNOX stated, in sum and substance, that she was returning to work. Again, as explained above, KNOX had already been terminated from her employment, was not allowed at that location, and was informed that she would be guilty of trespassing if she returned. PSOs Alonzo, Litchfield, Rideaux, and Nakasone informed your affiant that they instructed KNOX to depart the federal property. KNOX refused.

14. PSO Alonzo informed your affiant that PSO Alonzo then informed KNOX that KNOX was being detained until FPS Inspectors arrived on scene to arrest KNOX for a violation of the criminal trespass warning. Alonso informed your affiant that Alonzo then attempted to handcuff KNOX.

3

15. PSO Alonzo informed your affiant that KNOX then did knowingly resist Alonso's attempt to handcuff KNOX by placing her arm up to prevent herself (KNOX) from being handcuffed. PSO Alonzo further informed your affiant that KNOX then aggressively confronted Alonso by placing approaching her and placing her face mere inches from the face of PSO Alonzo. Your affiant notes that KNOX is approximately 5 inches taller and approximately 40 pounds heavier than PSO Alonzo. Your affiant was further informed by PSO Alonzo that KNOX then raised her voice and stated loudly to Alonso, which face-to-face with her, "don't touch me, keep your hands off me."

16. Your affiant was further informed by PSO Alonzo that when Alonzo again attempted to reach for KNOX to handcuff her, KNOX retreated from the screening area next to the x-ray machine and left in the elevator.

17. PSOs Alonzo, Litchfield, Rideaux, and Nakasone informed your affiant that they did not pursue KNOX into the elevator because it is not General Services Administration (GSA) leased space and they did not have jurisdiction to act beyond GSA leased space.

18. On July 16, 2025, at approximately 9:48 a.m. at the abovementioned location, KNOX arrived in the parking lot. KNOX asked private security guard Naskika Bradley for the names of the PSOs on duty. Ms. Bradley stated she did not know because she was employed by a different company. At approximately 9:51 a.m., KNOX departed. However, at approximately 11:00 a.m., KNOX arrived again at the parking lot and spoke to Ms. Bradley again and asked Ms. Bradley to escort KNOX to the second floor of the location because KNOX had a return to work order scheduled for July 21, 2025 and KNOX wanted to inform the PSOs of that order. To the knowledge of your affiant, who consulted with other individuals including Assistant Chief Immigration Judge Jeffrey Miller, KNOX has so such order and has made similar false claims

before. Ms Bradley refused KNOX request and informed KNOX that, because there is still a current criminal trespass order outstanding for KNOX that was issued by the Houston Police Department based on one of the aforementioned prior occasions, she (Ms. Bradley) would be contacting the Houston Police Department to arrest KNOX. In response, at approximately 11:07 a.m., KNOX fled the location.

19. Your affiant further states that, based on his training and experience, PSOs are persons designated by 18 U.S.C. Section 1114 as officers or employees of the United Staes and its branches or persons assisting officers or employees of the United States and its branches, and that, at all times mentioned in this affidavit, PSOs Alonzo, Litchfield, Rideaux, and Nakasone were engaged in their official duties.

Based on the aforementioned facts, the affiant believes that on July 2nd, 2025, defendant, Winnet KNOX, did violate Title 18 United States Code, Section 111(a)(1) and 41 C.F.R. Section 102.74-390 and 41 C.F.R. Section 102.74-375(c).

Respectfully submitted,

Inspector James McMillian
U.S. Dept. of Homeland Security
Federal Protective Service
Houston, Texas

Subscribed to and sworn before me telephonically on July 17th, 2025, in Houston, Texas and I find probable cause.

Dena Palermo
THE HONORABLE DENA HANOVICE PALERMO
United States Magistrate Judge